IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CARLOS JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARVARD BUSINESS PUBLISHING CORPORATION,<br><br>Defendant. | Case No. 1:22-cv-00802-HYJ-RSK<br><br>Hon. Hala Y. Jarbou |

## RESPONSE OF DEFENDANT HARVARD BUSINESS SCHOOL PUBLISHING CORPORATION TO PLAINTIFF TIMOTHY MCVAY'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Harvard Business School Publishing Corporation[1] ("HBP"), by and through its attorneys, hereby responds to Plaintiff's Notice of Supplemental Authority (ECF No. 33) bringing *Carter v. DTN Mgmt. Co.,* --- N.W.2d ---, 2023 WL 439760 (Mich. Ct. App. Jan. 26, 2023) to the attention of the Court. Plaintiff asserts that the "arguments Defendant makes regarding COVID tolling in its motion to dismiss briefing are therefore foreclosed by the decision in *Carter*" and that "*Carter* conclusively confirms that the class period in this case spans from May 23, 2016. through July 30, 2016." ECF No. 33, PageID.1341. These claims are false.

First, HBP argued that, even if the Supreme Court's orders with respect to the COVID-19 tolling applied to all deadlines with respect to the *commencement* of actions, such tolling would apply only to the analysis of whether a specific claim was time-barred. Any tolling during COVID would not apply to extend the availability of specific remedies that the legislature determined to

---

[1] Improperly named by Plaintiff as Harvard Business Publishing Corporation.

eliminate – here, the statutory damages remedy that Plaintiff seeks to recover. *See* ECF 24-1, PageID.1112. Accordingly, even if McVay is correct that his deadline to file a claim under the PPPA was tolled for 101 days, the remedy of statutory damages was not preserved as part of that tolling. *Id.* Nothing in *Carter* refutes this argument by HBP in any way.

Second, *Carter* concluded that the Supreme Court's orders with respect to COVID tolling applied where the plaintiff asserted her personal injury claim accrued on a specific date. Courts have recognized that a PPPA claim accrues on the date any alleged disclosure occurred. ECF 24-1, PageID.1112. Plaintiff has failed to make any allegations of when that occurred or even when he subscribed to *Harvard Business Review*. Instead, McVay alleges, in conclusory terms, that he subscribed to *Harvard Business Review* "prior to July 31, 2016." ECF No. 21, PageID.575-576. Because there are no allegations to determine when the claim accrued and therefore, no date to determine what period of time was allegedly "tolled," *Carter* is therefore inapposite here.

Third, there is nothing in *Carter* to suggest that it should apply to toll the claims of a putative class. *Carter* is a slip and fall case involving an individual plaintiff – it had nothing to do with putative class actions. Therefore, Plaintiff exaggerates the holding *Carter* when he asserts, without support, that the decision determined the putative class period in this case.

Finally, *Carter* is a decision from the intermediate Court of Appeals of Michigan – not the Michigan Supreme Court. It is not binding upon this Court, which can reach its own determination on these issues. *Horizon Lawn Maint., Inc. v. Columbus-Kenworth, Inc.*, 188 F. Supp. 3d 631, 635 (E.D. Mich. 2016) (finding that decisions issued by the Michigan Court of Appeals "are not conclusive on questions of Michigan law"). For the reasons set forth in HBP's briefing (ECF 24-1, PageID.1111-12), this Court should conclude that the statute of limitations was not tolled here.

Respectfully submitted,

Dated:  February 14, 2023          By:     /s/ Whitney M. Smith

KELLEY DRYE & WARREN LLP
Whitney M. Smith
New Jersey Bar No. 035552006
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
wsmith@kelleydrye.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of February 2023 I served the above and foregoing on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

                                                    */s/ Whitney M. Smith*
                                           Whitney M. Smith (N.J. Bar No. 035552006)
                                           **KELLEY DRYE & WARREN LLP**
                                           One Jefferson Road
                                           Parsippany, NJ 07054
                                           Tel: 973-503-5923